IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:12-CR-71-BO
NO. 7:14-CV-18-BO

| | |
|---|---|
| ALEX MICHAEL LOCKLEAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on petitioner's motion and corrected motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 35 & 39] and the government's motion to dismiss [DE 41]. For the reasons stated herein, the government's motion is GRANTED and petitioner's § 2255 motion is DISMISSED.

## BACKGROUND

On October 4, 2012, pursuant to a written plea agreement petitioner pled guilty to one count of conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine and 28 grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and 846. In his written plea agreement, petitioner expressly agreed and waived "the right to appeal whatever sentence is imposed," with limited exceptions. The plea agreement identified a statutory minimum penalty of 10 years' imprisonment, and a maximum penalty of life imprisonment. Petitioner's presentence investigation report ("PSR") also identified a statutory minimum penalty of 10 years' imprisonment, and a maximum penalty of life imprisonment. Petitioner's PSR calculated an advisory guideline imprisonment range of 262 to 327 months'

imprisonment based on a total offense level of 37 and a criminal history category III.

On January 17, 2013, the Court sentenced petitioner to 300 months' imprisonment and five years' supervised release. Petitioner did not appeal his conviction or sentence to the Fourth Circuit Court of Appeals. On January 21, 2014, petitioner timely filed a motion to vacate pursuant to 28 U.S.C. § 2255. On February 4, 2014, petitioner filed a corrected motion on the proper form. In his motion petitioner requests to be re-sentenced because he contends that his advisory guideline range was improperly calculated in light of the Fair Sentencing Act of 2010 ("FSA").

## DISCUSSION

Petitioner has waived his right to raise this challenge on collateral attack. [DE 24 at 1–2]. Petitioner explicitly waived the right to appeal from his sentence, including any issues relating to the establishment of the advisory guideline range, unless his sentence exceeded the applicable guideline range established at sentencing. [*Id.*]. At sentencing, the Court established a guideline range of 262 to 327 months' imprisonment and sentenced petitioner within that range to 300 months. The sentence imposed did not exceed the statutory maximum of life imprisonment. Petitioner may not use this collateral attack to assert issues that he knowingly and voluntarily waived his right to raise on direct appeal. "Habeas Review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quotation omitted).

Even if petitioner had not waived his right to raise these issues, his claims are not cognizable on collateral attack because they directly challenge the Court's calculation of his advisory guideline range. *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999); *see also Sun Bear v. United States*, 664 F.3d 700, 704 (8th Cir. 2011) (recognizing that § 2255

proceedings allow petitioners to challenge errors that result in the "complete miscarriage of justice," not "ordinary questions of guideline interpretation") (quotations omitted). On collateral attack, petitioner can only challenge his sentence to the extent it exceeds the maximum authorized by law. *Pregent*, 190 F.3d at 284. Here, petitioner was sentenced to less than the statutory maximum and thus his sentence was not in excess of what is allowed by law and his claim is not cognizable on collateral attack.

Petitioner also challenges the amount of drugs credited to him in the PSR. He alleges that his plea agreement stipulated that he was responsible for 5 kilograms of cocaine and 28 grams of crack. However, his plea agreement contains no such stipulation and even if it did, the Court, per the terms of the plea agreement would not be bound by it. [DE 24 at 4–5]. The only reference the plea agreement makes to drug quantities is in the listing of the charge which states that petitioner is pleading guilty to "conspiracy to distribute and possess with the intent to distribute five (5) kilograms *or more* of cocaine and twenty-eight (28) grams *or more* of cocaine base (crack)." [*Id.* at 4] (emphasis added).

Finally, the Court notes that Mr. Locklear was sentenced under the provisions of the FSA as all of his crimes concluded after the August 3, 2010 effective date of the FSA. Petitioner has presented no grounds on which he can be afforded relief. Accordingly, his claim must be dismissed.

## CERTIFICATE OF APPEALABLITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise

3

debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss is GRANTED and petitioner's §2255 petition is DISMISSED in its entirety. The Court hereby DENIES petitioner a certificate of appealability.

SO ORDERED.

This the 9 day of April, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE