IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-71-BO-1
No. 7:14-CV-18-BO

ALEX MICHAEL LOCKLEAR,          )
                    Petitioner, )
                                )
                                )          O R D E R
        v.                      )
                                )
UNITED STATES OF AMERICA,       )
                    Respondent. )

This cause comes before the Court on petitioner's motion under Rule 60(b) of the Federal

Rules of Civil Procedure. [DE 69]. The government has responded, [DE 72] and the matter is

ripe for disposition. For the reasons discussed below, petitioner's motion is denied.

BACKGROUND

Petitioner pleaded guilty, pursuant to a plea agreement, to conspiracy to distribute and

possess with the intent to distribute five kilograms or more of cocaine and 28 grams or more of

cocaine base (crack), in violation of 21 U.S.C. § 846, on October 4, 2012. On January 17, 2013,

he was sentenced to 300 months' imprisonment, 5 years' supervised release, and a $100 special

assessment. He filed a motion to vacate pursuant to 28 U.S.C. § 2255 on January 21, 2014,

which was dismissed on April 10, 2014. Petitioner's appeal was dismissed by the Fourth Circuit

on September 30, 2014. Petitioner has now filed a motion pursuant to Federal Rule of Civil

Procedure 60(b). He argues he is actually innocent, that his counsel was ineffective, and that he

was not given appropriate notice when his § 2255 motion was dismissed. The government has

responded that petitioner's motion is actually a second or successive § 2255 motion and this

court lacks jurisdiction to consider it.

## DISCUSSION

Rule 60(b) motions are cognizable in this context when they attack defects in the prior § 2255 proceedings, as opposed to the underlying criminal case. Here, though styled as a motion under Rule 60(b), petitioner's motion primarily seeks the relief that would be granted by a successful motion under § 2255. *See United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) ("[A Rule 60] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence.")

Petitioner's first two claims, that he is innocent and his lawyer was ineffective, are the types of claims brought pursuant to § 2255. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a second or successive petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence ... or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. *Winestock*, 340 F.3d at 205.

Petitioner's final claim is he did not receive notice as required by *Castro v. United States* that the Court was considering his motion as a § 2255 motion. 540 U.S. 375 (2003). *Castro* requires a Court to inform a prisoner when it intends to recharacterize a motion as a § 2255 motion, because of the consequences of filing one.

Petitioner argues he meant to file a motion pursuant to § 3582, not § 2255, and should have been given appropriate warning so that he could avoid the consequences of filing a § 2255 motion. While it is "longstanding practice of courts to classify pro se pleadings from prisoners according to their contents, without regard to their captions," 340 F.3d at 203, petitioner's

corrected motion was a fully filled out § 2255 form. [DE 39]. Because there was no recharacterization involved in considering the motion, no *Castro* notice was required. Accordingly, petitioner's motion is denied.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of the instant motions debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, petitioner's motion is DENIED [DE 69].

SO ORDERED, this 20 day of August, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE